UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRIC CAMPBELL,<br><br>Defendant. | Case No. 1:12-cr-00155-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Patric Campbell's Motion Requesting Early Termination of Supervised Release (Dkt. 743) to which the Government has filed a Response in Opposition (Dkt. 745). For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

On July 10, 2012, Mr. Campbell was one of twelve defendants charged in a Superseding Indictment with various controlled substance and firearm counts.

**MEMORANDUM DECISION AND ORDER - 1**

(Dkt. 93). He was charged only in the conspiracy count. On September 4, 2012, he

entered a plea of guilty to conspiracy to possess with intent to distribute

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (846). On February

25, 2013, the Court imposed a sentence of imprisonment of 124 months to be

followed by five years of supervised release. Dkt. 525. Notably, a career offender

enhancement increased his offense level from 30 to 37 and his criminal history

category from III to VI. *PSR* ¶¶ 93, 94, 103, and 104.

According to Mr. Campbell, he was released from incarceration on January

21, 2020, and successfully completed five months of halfway house and home

confinement. While incarcerated, he completed the Bureau of Prison's Residential

Drug Abuse Program (RDAP), and upon release he completed the RDAP-After-

Care program. He obtained employment two weeks after his release, continues to

work for the same employer, and has paid his criminal monetary penalties in full.

In addition, he is now current on his child support obligations and purchased a

truck money saved from his wages. Finally, he married on August 15, 2021, and is

seeking to purchase a home.

Mr. Campbell began supervision on June 9, 2020 and continues to be on

active supervision.[1] According to his Probation Officer, he had minimal issues of

---

[1] The Government states that Mr. Campbell commenced supervision on or about January 7, 2020. Dkt.745 at 2. However, according to the Mr. Campbell and the Probation Officer, (Continued)

**MEMORANDUM DECISION AND ORDER - 2**

noncompliance in 2020 including some missed urinalysis testing and one alcohol

consumption incident but none since then. No violation petition was filed. The

Probation Officer states that Mr. Campbell has never tested positive for a

controlled substance, has always maintained full time employment and regular

contact with him, and has a "great" support system at home. The Probation Officer

visits Mr. Campbell's residence and speaks with his employer regularly. He would

not be opposed to early termination. Mr. Campbell has now completed two years

of supervision.

On the other hand, the Government strongly opposes early termination

noting Mr. Campbell's criminal history category of VI, his role as an "enforcer"

for the drug trafficking organization of which he was a part, his possession of guns

and assistance with selling methamphetamine, and his admitted membership in a

prison gang.[2] The Government also argues that compliance with release conditions

alone does not justify early termination and that Mr. Campbell has not indicated

that supervised release has become harsh or that it no longer meets the goals of

sentencing. Rather, it argues that Mr. Campbell's success is proof that his

---

supervision commenced on June 9, 2020. It appears that the Mr. Campbell spent five months in a halfway house before his supervision commenced.

[2] The Court notes that Mr. Campbell was incarcerated in state court custody from 1995-2010 for two offenses he committed at the ages of 18 and 19. *PSR* ¶¶ 100-102. He began disassociating himself from the prison gang in 2006-2007. *Id.* ¶ 101.

**MEMORANDUM DECISION AND ORDER - 3**

supervision is working and fulfilling the entire term is appropriate in light of the

§ 3553(a) factors.

## ANALYSIS

After considering certain enumerated 18 U.S.C. § 3553(a) factors,[3] a district

court may "terminate a term of supervised release . . . at any time after the

expiration of one year of supervised release . . . if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." 18

U.S.C. § 3583(e)(1). Regarding the § 3553(a) factors, in rendering its decision a

court need simply provide an explanation based on its consideration of such

factors. *United States v. Emmett*, 749 F.3d 817, 821-22. The Court need not discuss

each factor it considered or elaborate unnecessarily. *Id*.

---

[3] The factors to be considered are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) deterrence;
(3) protection of the public;
(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
(5) the sentence and sentencing range established for the category of defendant;
(6) any pertinent policy statement by the Sentencing Commission;
(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

**MEMORANDUM DECISION AND ORDER - 4**

The Ninth Circuit has reiterated that the appropriate standard for deciding a motion for early termination of supervised release is provided in the statutory language itself. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. §3583(e)(1)). The expansive language allows a court to "consider a wide range of circumstances." *Id*. The standard does not require a defendant to demonstrate "undue hardship" or "exceptional circumstances" or "exceptionally good behavior" to prevail on his motion. *Id*.

The Court has reviewed the Presentence Report and the sentencing memoranda to inform its decision on Mr. Campbell's motion. It appears that he received a minor role adjustment given that he was involved in the conspiracy for only approximately two months out of its six- to seven-month duration. The Court's recollection is that it varied downward further partly in response to defense counsel's argument that his criminal history category substantially over-represented the seriousness of Mr. Campbell's criminal history and over-represented his likelihood of committing other crimes.

The Presentence Report reveals Mr. Campbell's difficult childhood, substance abuse issues, and relapse after his release from state incarceration leading to his involvement in the conspiracy. Taken together with the fact that he had been incarcerated for most of his adult life, it is remarkable that he has come to

**MEMORANDUM DECISION AND ORDER - 5**

a place where he is thriving and succeeding on supervision at almost 46 years of age. However, those same factors raise concerns that it is too soon – with barely two of the five years completed – to end supervision. Two years of supervised release is simply too short a term to follow such a serious offense, and the § 3553(a) factors weigh against terminating supervised release at this time. As the Court has said in other cases, the mere fact of supervision can provide an impetus for continued success. The Court believes that the Probation Officer's continued diligent supervision will help to ensure that the negative aspects of Mr. Campbell's past become less of a concern.

## ORDER

**IT IS HEREBY ORDERD that** Patric Campbell's Motion Requesting Early Termination of Supervised Release (Dkt. 743) is **DENIED**.

DATED: August 10, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6